## OCCUPATION OF STREET BY RAILWAY TRACKS.

Common Pleas Court of Hamilton County.

CITY OF CINCINNATI v. THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

Decided, January, 1913.

*Ordinance—Validity of, Where Granting the Right to Lay Five Railway Tracts Across a Public Street—Depends Upon the Reasonableness of Such Use of the Street, Which is a Question of Fact—Restoration of Street to Former Condition.*

1. In an action by a municipality to enjoin a railway company from laying additional tracks across a certain street, and to compel the railway company to restore the street to the condition which it was in before the existing tracks were laid, an answer by the railway company alleging that it has complied with the terms of a certain ordinance, which grants the right to lay the proposed tracks, raises an issue of fact as to such compliance which can only be determined upon a full hearing, and even a showing that the street has not been restored to its former condition would not necessarily render the ordinance inoperative.

2. A court can not declare that the laying of five railway tracks in the street constitutes an unreasonable and unwarranted disregard of the rights of the public in the street and therefore should be enjoined, but the question is one of fact which must be determined from all the circumstances in the case.

*Coleman Avery,* Assistant City Solicitor, for the demurrer.
*Maxwell & Ramsey* and *Jos. S. Graydon,* contra.

GEOGHEGAN, J.

Heard on demurrer to amended answer and amendment thereto.

The action is brought to compel the defendant to restore Ludlow street, between Front street and the river, to the condition that it was in prior to the time of certain alleged acts of the defendant, which the petition recites caused certain material damage to the surface and grade of the street, and the petition further seeks to enjoin the defendant from laying and con-

structing certain tracks upon and across Ludlow street upon the claim that the construction of said tracks will impair the use by the public of said street for pedestrian and vehicular traffic and will destroy the usefulness of said Ludlow street as a public thoroughfare.

The facts involved in this case were before this court and the Supreme Court once before in the case of *Hall* v. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company*, the defendant herein. In that case an injunction was granted the plaintiff Hall by reason of the fact that the proposed construction of said tracks would materially impair and interfere with the owner's egress, the injunction to continue until the defendant had acquired the right as against the said Hall by proper appropriation proceedings.

The defendant's amended answer and amendment thereto prays to have the petition dismissed on the ground that it has the right to lay said tracks across said street by reason of an ordinance of the city of Cincinnati dated July 17, 1905, and accepted by defendant August 11, 1905, a copy of the ordinance being attached to the answer.

The said ordinance grants to the defendant the right to lay and maintain across Ludlow street five certain tracks, or, to be more particular, three tracks and switch leads for two additional tracks, and provides how they shall be built and what means the company must take in order to keep the street open for the use of vehicular and pedestrian traffic, and the ordinance further provides for the restoration of the street.

The demurrer of the city solicitor is based largely upon the theory that the setting up of this ordinance does not constitute a denial of the facts alleged in the petition as to the condition in which the said defendant put and has left the street.

Now, as the ordinance provides in what condition the street must be placed and kept after the construction authorized by the said ordinance, it would seem that an allegation in the answer that the ordinance has been complied with would at least constitute some denial of the allegations of plaintiff's petition as to the condition of the street. Under the terms of the ordinance it would have a right to tear up the street for the pur-

pose of exercising the right to lay the tracks granted by the ordinance and it would have a reasonable time to repair said street. Even if it be conceded that the allegation of compliance with the ordinance does not constitute a denial of the city's claim in this respect, I do not think that for the single reason that defendant has failed to keep the street in repair, this court, upon the application of the city of Cincinnati through its city solicitor, without action of the legislative body of the city, should declare this ordinance null and void. The fact that it had failed to comply with the condition with reference to repairs would not of itself render the ordinance absolutely null and void, but might be made the basis of an application to the court for an order compelling it to comply with the terms, or even the basis of a revocation by council of the license granted by it in the passage of the ordinance.

Therefore, as the ordinance in this aspect stands and a compliance with the terms of the ordinance is alleged and these terms require the restoration of the street, it would seem that it is a question of fact, to be determined on full hearing, whether or not the allegations as to the condition of the street are true.

The solicitor further contends that the laying of the said tracks in the street would constitute the using of said street for railroad yard purposes and therefore under the doctrine laid down in the case of *Rockport* v. *Railroad Co.,* 85 Ohio State, 73, that a railroad company has no right to appropriate public streets for an unlimited number of tracks over and across the same for yard purposes, the council of the city of Cincinnati had no right to pass this ordinance authorizing the defendant to construct these tracks.

I do not understand this to be the exact point involved in the Rockport case. In that case the trial court found *upon the evidence* that the railroad company had a right to appropriate the public streets for railroad yard purposes but the Supreme Court, while recognizing that under the provisions of Section 3283, General Code, railroad tracks may be laid over and across a public highway, nevertheless held that the rights of a railroad company are not absolute and at the will of the company but must be ex-

ercised with reasonableness and with due regard to the rights of the public, and that it is the duty of the trial court to determine from the evidence whether or not the number of tracks proposed to be constructed would be destructive of the public easement in the streets, or an unreasonable interference therewith.

Admitting for the purposes of this demurrer that this limitation upon the right of the railroad company to appropriate would constitute in the nature of things a limitation on the right of the legislative body to grant, nevertheless, the question is one of fact and must be determined from the evidence, and this court can not say, as a matter of law, that because a city council grants the right to lay five tracks in the street, it constitutes an unreasonable and unwarranted disregard of the rights of the public in the street and therefore should be enjoined. Whether or not it is unreasonable is a question of fact which must be determined upon a full and complete hearing of the cause. It can be plainly seen that under certain circumstances a less number than five tracks might be an unreasonable usurpation of the rights of the public in a public street, while, under other circumstances and in other places, five or more tracks might not constitute such usurpation.

For these reasons it would seem that the defendant has the right to set up in defense of this action its contract with the municipal corporation, under the ordinance granting it the right, and upon a full hearing of all the facts and surrounding circumstances the court must determine whether or not the proposed use of the street is reasonable, having in view the rights of the public.

The demurrer will therefore be overruled.